**NEW ERA MOTORS, Inc., et al. v. BURST et al.***

**No. 9113.**

Circuit Court of Appeals, Eighth Circuit.

Sept. 29, 1931.

Rehearing Denied Oct. 22, 1931.

---

*Certiorari to U. S. Supreme Court applied **for.**

S. Mayner Wallace, of St. Louis, Mo. (T. M. Pierce, of St. Louis, Mo., on the brief), for appellants.

Robert A. Holland, Jr., of St. Louis, Mo. (Forrest C. Donnell and Jacob M. Lashly, both of St. Louis, Mo., on the brief), for appellees.

Before STONE and GARDNER, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge.

Appellants as plaintiffs filed a bill in equity, alleging that at times mentioned therein the Moon Motor Car Company had an authorized capital stock of five hundred thousand shares of no par value, of which only a hundred thousand shares were issued and outstanding prior to the times of the transactions complained of in their bill, and that it was and still is engaged in the manufacture and sale of automobiles; that at the time of the acts complained of the defendants constituted a majority of the board of directors of the Moon Motor Car Company, and as such managed and controlled it, and that they are still stockholders of said company; that on or about February 3, 1930, said defendants, as officers and directors aforesaid, caused the Moon Motor Car Company to enter into a contract with the other plaintiffs whereby the plaintiff New Era Motors, Incorporated, purchased a hundred and fifty thousand shares of the then unissued capital stock of said Moon Motor Car Company, in consideration of the transfer to the latter company of certain tangible and intangible properties by the New Era Motors, Incorporated, and whereby the other two plaintiffs, A. M. Andrews Investment Corporation and Affiliated Equities, purchased one hundred thousand additional shares of the then unissued capital stock of the Moon Motor Car Company, in consideration of the payment by the said two plaintiffs of five hundred thousand dollars in cash to the Moon Motor Car Company, and that said plaintiffs now own a majority of all of the outstanding stock of the plaintiff Moon Motor Car Company; that defendants as a material inducement for the purchase of said stock themselves represented and caused the Moon Motor Car Company to represent to each of the other three plaintiffs that the Moon Motor Car Company owned and had on hand certain materials and supplies, used and useful in its business, of the value of $516,127.80; that the other said plaintiffs purchased their stock upon the assumption of the truth of this representation; that said representation was in fact false and untrue, in that said materials and supplies were at the time of the value of not exceeding $25,000; that the agents and nominees of said other three plaintiffs were at the time of the filing of the complaint officers of, and constituted all of the board of directors of, the plaintiff Moon Motor Car Company.

Plaintiffs then prayed: "That the said defendants, and each of them be required to account to the said Moon Motor Car Company for the loss and injury suffered by each of the said plaintiffs because of the said fraud and that a decree, for the benefit of said Moon Motor Car Company, be rendered and entered against the said defendants and each of them, jointly and severally, for the sum of $491,127.80."

The defendants filed separate motions to dismiss, upon various grounds questioning the sufficiency of the complaint. The court below sustained these motions, and dismissed the complaint for want of equity. From this order and decree the plaintiffs have appealed.

The only judgment sought is one in favor of the Moon Motor Car Company. The other plaintiffs sue as stockholders, and ask no relief for themselves individually. The suit is in reality one to make the defendants make good the representations which they made when the new stock was sold. The Moon Motor Car Company was not in fact damaged by the transactions complained of. It was a beneficiary to the extent of $500,000 and the other properties transferred to it for its stock. If there was any damage at all, it was to the other plaintiffs and not to the Moon Motor Car Company. No cited case supports the theory of the bill, nor do the well-recognized principles of equity entitle plaintiffs to the relief for which they pray. The plaintiffs, other than the Moon Motor Car Company, if they sustained a loss, sustained it as individuals and not as stockholders.

An accounting to give equity jurisdiction has an entirely different meaning from that which it has in the complaint. The doctrine of estoppel may sometimes be invoked by stockholders to protect them against misrepresentations inducing them to buy their stock. Given v. Times-Republican Printing Co. et al. (C. C. A.) 114 F. 92. But that principle has no application here where only a money judgment is asked.

Fraud, it is true, is a well-recognized ground of equity jurisdiction, but not in cases where the relief at law is plain, adequate, and complete.

"In cases of fraud or mistake, as under any other head of chancery jurisdiction, a court of the United States will not sustain a bill in equity to obtain only a decree for the payment of money by way of damages, when the like amount can be recovered at law in an action sounding in tort or for money had and received." Buzard et al. v. Houston, 119 U. S. 347, 352, 7 S. Ct. 249, 252, 30 L. Ed. 451.

The bill of complaint fails to state a cause of action, and the judgment should be affirmed.